## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DEIDRA BYAS, individually and on behalf**            **PLAINTIFFS**
**of her minor child, J.B.**

**V.**                          **NO. 4:15-CV-00065-DMB-JMV**

**CLEVELAND SCHOOL DISTRICT,**
**ET AL.**                              **DEFENDANTS**

## ORDER

Before the Court is Defendants' "Pre-Answer Omnibus Motion" in which Defendants contend that Plaintiffs' initial complaint should be dismissed in part.[1]  Doc. #6.  For the reasons below, the motion will be denied.

### Superseded Complaint

Plaintiffs filed their initial complaint on May 28, 2015.  After Defendants filed their "Pre-Answer Omnibus Motion"[2] on August 6, 2015, Plaintiffs, upon being granted leave of the Court, filed an amended complaint on October 12, 2015.  *See* Doc. #17.  "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted).  When a motion to dismiss has been

---

[1] Defendants contend that "the following aspects of the Plaintiff's case warrant dismissal in part, to-wit:  Punitive Damages; Duplicate Official Capacity Defendants; Requests for relief outside the scope of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq; Plaintiffs' inclusion of an individual parental consortium claim is prohibited under the substantive law of Mississippi and should be dismissed; [and] Comity with state law and the precedent of this federal venue mandate a bench trial on all surviving claims in the instant case."  Doc. #6 at 2-3 (footnotes and paragraph formatting omitted).

[2] Defendants actually filed their "Answer and Affirmative Defenses" to Plaintiffs' initial complaint before filing their "Pre-Answer Omnibus Motion."  *See* Doc. #5.  On November 4, 2015, in response to Plaintiffs' amended complaint, Defendants filed a document titled, "Amended Answer and Affirmative Defenses," Doc. #20; however, because such responsive pleading is Defendants' first and only response to the amended complaint to date, it is not an amended response to the amended complaint.

filed against a superseded complaint, the proper course is to deny the motion to dismiss as moot. *See, e.g., Sartori v. Bonded Collect Servs.*, 2:11–CV–00030, 2011 WL 3293408, at *1 (N.D. Miss. Aug. 1, 2011) ("The defendant's March 26, 2011 motion to dismiss for lack of personal jurisdiction should be denied as moot since the plaintiff filed an Amended Complaint subsequent to the filing of the first motion to dismiss."); *Fit Exp., Inc. v. Circuit–Total Fitness*, No. 1:07–CV–00062, 2008 WL 4450290, at *1 (N.D. Miss. Sep. 29, 2008) ("Because Plaintiff's Counterclaims were amended, Defendants' previously filed Motion to Dismiss ... is denied as moot."). As Plaintiffs' amended complaint does not reference or incorporate the original complaint, the latter has been superseded by the former. For this reason alone, the motion should be denied.

## Procedural and Substantive Inadequacy

Defendants' motion should also be denied as inadequately briefed. It is the practice of this Court to deny a motion which "does not provide a memorandum of authorities in support of its Motion [and does] not cite any cases supporting its claim". *C.W.P. v. Brown*, 56 F. Supp. 3d 834, 839 (N.D. Miss. 2014) (internal quotation marks and citations omitted); *see* L.U. Civ. R. 7(b)(4) ("At the time [a] motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion."). Moreover, as a general principal of motion practice in federal court, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted).

Defendants' motion to dismiss is only five pages long and was not filed with a supporting memorandum brief. Moreover, the content of the motion is woefully lacking in substance. While it contains numerous cites to various cases and statutes, Defendants have not even attempted to provide any argument applying that authority to the claims contained in Plaintiffs' complaint. Indeed, the motion does not contain a single citation to the complaint or to any facts, alleged or otherwise, which would demonstrate Defendants' entitlement to the relief they request in the motion. Defendants' complete failure to comply with this Court's Local Rules and general motion practice standards provides additional reason for dismissal.

## Conclusion

For all of the reasons discussed above, Defendants' "Pre-Answer Omnibus Motion," Doc. #6, is **DENIED.**

SO ORDERED, this 10th day of November, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**