**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DEIDRA BYAS, individually and**
**on behalf of her minor child, J.B.**

          **PLAINTIFFS,**

                           **CIV. ACT. NO.:** _4:15cv65-DMB-JMV_

**CLEVELAND SCHOOL DISTRICT;**
**CLEVELAND SCHOOL BOARD; and**
**MARGARET GREEN JUNIOR HIGH SCHOOL**

          **DEFENDANTS.**
_____/

## AMENDED COMPLAINT AND JURY DEMAND

_This cause of action arises from Defendants' deliberately indifferent response to student harassment and student-on-student assault on school premises. Defendants' failure to promptly and appropriately investigate and respond to the continuous harassment subjected Plaintiff to further harassment, subsequent assault and a hostile environment, effectively denying her access to educational opportunities. This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution._

      Plaintiff, **DEIDRA BYAS**, by and through her attorneys, **DANIEL E. MORRIS LAW FIRM, PLLC**., hereby files their amended complaint against Defendants, **CLEVELAND SCHOOL DISTRICT, CLEVELAND SCHOOL BOARD and MARGARET GREEN JUNIOR HIGH SCHOOL**, as captioned above.

## I. JURISDICTION AND VENUE

      1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1332 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

      2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## II. THE PARTIES

6. Plaintiff is the biological mother of said minor child, J.B.[1]. Plaintiff, **DEIDRA BYAS**, is an adult resident citizen of Jefferson County, Texas, with a fixed address of 6155 Sienna Trails, Apartment 113, Beaumont, Texas, 77708.

7. At all material times Plaintiff[2], **J.B.**, was a resident of the County of Bolivar, State of Mississippi. Plaintiff is now a resident citizen of Jefferson County, Texas, where she resides with her mother, Plaintiff, **DEIDRA BYAS**, with a fixed address of 6155 Sienna Trails, Apartment 113, Beaumont, Texas, 77708.

8. At the time of events complained of herein, Plaintiff was a student attending a junior high school within the Defendant's, **CLEVELAND SCHOOL DISTRICT** ("the School District").

9. At all times relevant herein, Defendant, **CLEVELAND SCHOOL DISTRICT**, is a public school district (political subdivision), organized and existing under the laws of the State of Mississippi, with its principal office in Cleveland, Mississippi. The District holds enforcement and policymaking authority for the schools with respect to anti-bullying policies. The District has the ability and authority to enforce and take corrective action on behalf of the School District and schools to stop bullying within its component schools.

10. At all times relevant herein, Defendant, **CLEVELAND SCHOOL BOARD**, is a public education (political subdivision) governing the School District pursuant to the laws of the State of Mississippi. The Board holds policymaking authority for the School District with respect to anti-bullying policies. The Board has the ability and authority to take corrective action on behalf of the School District to prohibit and stop bullying within its component schools.

11. At all times relevant herein, Defendant, **MARGARET GREEN JUNIOR HIGH SCHOOL**, is a public school (political subdivisions), organized and existing under the laws of the State of Mississippi, located in Cleveland, Mississippi. As a school in the District system,

---

[1] "J.B." is used to protect the identity of the minor child who is the subject of this litigation.

[2] Hereinafter, "J.B." will assume the role of "Plaintiff" throughout the complaint for referential purposes.

2

Defendant holds enforcement authority for its school with respect to anti-bullying policies. Defendant has the ability and authority to enforce and take corrective action to stop bullying.

### III. APPLICABLE LAW AND POLICY

12. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that:

> *No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . .*

13. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

14. 34 C.F.R. § 106.8(b) provides:

> *. . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.*

15. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

16. In *Davis v. Monroe County Board. of Education*, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

17. *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is:

> a) deliberately indifferent to harassment of which the recipient has actual knowledge; and

> b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *Davis*, 526 U.S. at 1669–76.

18. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "*deny to any person within its jurisdiction the equal protection of the laws*." U.S. Const. amend. XIV, § 1.

19.     At Miss. Code Ann. § 37-11-18), Mississippi law provides that "Any student in any school who possesses any controlled substance…*or who commits a violent act on educational property as defined in  § 97-37-17…shall be subject to automatic expulsion for a calendar year by the superintendent or principal of the school in which the student is enrolled*..."

20.     The Cleveland School District's Board of Education has also adopted anti-harassment policy. (Attached as Exhibit 1.) That policy defines harassment to include:

 *"Bullying or harassing behavior is any pattern of gestures or written, electronic or verbal communications, or any physical act or any threatening communication, or any act reasonably perceived as being motivated by any actual or perceived differentiating characteristic that (a) places a student or school employee in actual and reasonable fear of harm to his or her person or damage to his or her property, or (b) creates or is certain to create a hostile environment by substantially interfering with or impairing a student's educational performance, opportunities or benefits. A "hostile environment" means that the victim subjectively views the conduct as bullying or harassing behavior and the conduct is objectively severe or pervasive enough that a reasonable person would agree that it is bullying or harassing behavior. Bullying or harassing behavior will not be condoned or tolerated when it takes place on school property, at any school-sponsored function, or on a school bus, or when it takes place off school property when such conduct, in the determination of the school superintendent or principal, renders the offending person's presence in the classroom a disruption to the educational environment of the school or a detriment to the best interest and welfare of the pupils and teacher of such class as a whole.."*

## IV. COMMON ALLEGATIONS

21.     At all material times, the School District was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq*.

22.     The School District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

23.     The School District is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

24.     The School District is responsible for the acts and omissions of its employees.

25.     On or about May 28, 2014, Plaintiff, **J.B.**, was a student at Defendants' school, **MARGARET GREEN JUNIOR HIGH SCHOOL (hereinafter referred to as MGJH)**. While at school, Plaintiff, **J. B.**, was approached by a fellow student, C.M.  C.M. asked Plaintiff, **J. B.**, for some of her potato chips and upon Plaintiff responding "No", C.M. began bullying[3] her and attempted to attack her. Two of her classmates came to her aid and stopped C.M. from attacking

---

[3] C.M. *began calling Plaintiff, J.B., derogatory names and telling her that she was ugly.  C.M. threatened to hit her repeatedly by saying that he was going to punch her in the face.*

Plaintiff. However, C.M. would continue to bully Plaintiff through harassments and threats throughout the day.

26.     Plaintiff, **J.B.**, was frightened of C.M., in that she had been subjected to continuous bullying from C.M. on numerous occasions in the past, throughout the school year. Prior to the present incident of bullying, Plaintiff, **J.B.**, reported other incidents of bullying and harassment by C.M., to more than one member of Defendant's, **MGJH**'s, faculty. Plaintiff, **J.B.**, was told to just avoid C.M. because he had a history of trouble. However, Plaintiff, **J.B.**, and C.M. were in the same class and despite Plaintiff trying to avoid C.M. , the bullying continued.

27.     Upon information and belief, C.M. 's bullying of Plaintiff, **J.B.**, continued into their social studies classroom, which was being supervised by a substitute teacher. C.M. continued to harass and threaten Plaintiff, **J.B.**, by calling her derogatory names and threatening to physically assault her.[4] He proceeded to tell her that he was going to punch her in the mouth. Plaintiff, **J.B.**, responded by telling C.M. to leave her alone repeatedly, but to no avail. C.M. lunged towards Plaintiff, **J.B.**, and she got up from her seat in an attempt to protect and defend herself. C.M. then began assaulting her by violently banging her head into the desk and punching her repeatedly in a fit of rage. The incident happened in the presence of the substitute teacher, who never attempted to put an end to the harassments, threats and ultimately the physical assault.

28.     As a result of the assault, Plaintiff, **J.B.**, was presented to Bolivar Medical Center, in which she was diagnosed with facial and scalp contusions. She has suffered with severe headaches, nightmares, depression, panic attacks and anxiety. She continues to suffer from depression, panic attacks and anxiety as a result of the brutal attack. Plaintiff is undergoing counseling to manage and cope with the trauma of the violent attack.

29.     Defendants, **CLEVELAND SCHOOL DISTRICT, CLEVELAND SCHOOL BOARD and MARGARET GREEN JUNIOR HIGH SCHOOL**, allowed C.M. to return to school the very next day.

30.     Plaintiff, **J.B.**, has also been deprived of a normal childhood education due to Defendants' conduct and the hostile educational environment.

**COUNT I**
**VIOLATION OF TITLE IX**
**(20 U.S.C. § 1681, *et seq*.)**
**(The School's Deliberate Indifference to Harassment)**

Paragraphs one through 30 are incorporated by reference as if stated in full herein.

---

[4] *The harassment and threats continued in the presence of the teacher. Neither party was removed from the class, the office was not called nor was C.M. instructed to or made to discontinue his harassment and threats of Plaintiff, J.B.*

31.     The harassment articulated in Plaintiffs' General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff, **J.B.**, of access to educational opportunities or benefits provided by the school.

32.     Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

a) Plaintiff was a member of a protected class;

b) she was subjected to harassment in the form of an assault by another student;

c) she was subjected to harassment based on her sex; and

d) she was subjected to a hostile educational environment created by the Defendants' failure to follow their policies and procedures and/or to have proper policies and procedures in place, failure to properly train their employees and failure to properly investigate and/or address the harassment and subsequent assault.

33.     Defendant School District and its officials had actual knowledge of the harassment and resulting assault of Plaintiff created by its failure to investigate and discipline Plaintiff's attacker in a timely manner and consistent with its own policy and federal and state law.

34.     Defendant School District's failure to promptly and appropriately respond to the harassment, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

35.     Defendant School District failed to take immediate, effective remedial steps to resolve the complaints of harassment and instead acted with deliberate indifference toward Plaintiff.

36.     Defendant School District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

37.     Plaintiff has suffered emotional distress and psychological damage and will continue to suffer for the remainder of her natural life.  Plaintiff has further suffered from the harassment and subsequent assault fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under Title IX.

## COUNT II
## 1983 VIOLATION
## (42 U.S.C. § 1983)

Paragraphs one through 37 are hereby incorporated by reference as if set forth in full herein.

38.     Under the Fourteenth Amendment, Plaintiff has the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

39.     Defendants each subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate the attacker's misconduct; failing to appropriately discipline the attacker; failing to adequately train and supervise their employees; and manifesting deliberate indifference to the ongoing harassment and subsequent assault of Plaintiff.

40.     The School District has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal and tortious misconduct against School District students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise School District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

41.     On information and belief, the School District has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other School District students.

42.     The School District's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

43.     Plaintiff has suffered emotional distress and psychological damage and will continue to suffer for the remainder of her natural life.  Plaintiff has further suffered from the harassment and subsequent assault fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under the Fourteenth Amendment.

## COUNT III
## LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE EMPLOYEES
## AS TO RESPONSE TO HARASSMENT AND SUBSEQUENT ASSAULT
## (42 U.S.C. § 1983)

Paragraphs one through 43 are hereby incorporated by reference as if set forth in full herein.

44.     Defendants failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

45.     Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

46.     Defendants should have known that their response to the harassment and assault must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

47.     Defendants each violated Plaintiff's right to equal access by:

a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible harassment;

b. Failing to take prompt and effective steps to end the harassment, prevent its recurrence, and address its effects;

c. Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the subsequent assault;

d. Failing to provide and/or follow a grievance procedure for students to file complaints of discrimination, including complaints of harassment. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

e. Failing to use a preponderance of the evidence standard to resolve complaints of discrimination and harassment in grievance procedures; and

f. Failing to notify both parties of the outcome of the complaint.

48.     Defendants violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

49.     These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

50.     Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage which she suffered and continues to suffer as a result of the harassment and subsequent assault fostered as a result of Defendants' deliberate indifference to her right to equal protection under the Fourteenth Amendment.

## COUNT IV
## NEGLIGENCE

Paragraphs one through 50 are hereby incorporated by reference as if set forth in full herein.

51.     Defendants have a policy in place to protect their students from bullying. Defendants failed to follow that policy and failed to prevent, protect and stop the violent attack of Plaintiff, **J. B.**, by a known bully.

52.     Defendants had actual notice that Plaintiff was being subjected to bullying in that Plaintiff repeatedly requested help to prevent the bullying from continuing, from various faculty members prior to the violent attack. However, not one faculty member reported the bullying, attempted to prevent the bullying and/or protected Plaintiff, **J. B.**, from the bullying or came to her aid prior to or during the brutal attack. Moreover, following the violent attack, C.M. was allowed to return to school the next day.

53.     Defendants breached their duty of care as defined in Miss. Code. Ann. §37-11-67 and §37-11-69. The negligence of Defendants included, but was not limited to:

a.   failing to exercise reasonable care and diligence in supervision and monitoring of classroom;

b. failing to exercise reasonable care and diligence in student to student interaction;

c. failing to comply with the applicable standard of care;

d. failing to enforce, investigate, report, address, prevent, deter and/or stop bullying and harassing behavior;

e. failing to keep students safe and protect students from bullying and harassing behavior; and

f. such other negligent acts and omissions as may be shown at trial.

54.     Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage which she suffered and continues to suffer as a result of the harassment and subsequent assault fostered as a result of Defendants' deliberate indifference to and breach of their duty of care as defined in Miss. Code. Ann. §37-11-67 and §37-11-69.

## COUNT V
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs one through 54 are hereby incorporated by reference as if set forth in full herein.

55.     Defendants' actions constituted intentional and negligent infliction of emotional distress upon said Plaintiffs.

56.      Defendants engaged in negligent conduct and a willful violation of the statutory standard, causing Plaintiffs to suffer serious emotional distress.

## V. DAMAGES

57.     As a direct and proximate result of the negligence of Defendants, **CLEVELAND SCHOOL DISTRICT, CLEVELAND SCHOOL BOARD and MARGARET GREEN JUNIOR HIGH SCHOOL**, Plaintiffs, **DEIDRA BYAS**, individually and on behalf of her minor child, **J.B.**, suffered serious injuries. The injuries and damages sustained by Plaintiffs include, but are not limited to:

(a) Physical pain and suffering;

(b) Mental and emotional pain and suffering;

(c) Physical injury;

(d) Medical expenses;

(e) Loss of enjoyment of life;

(f) Embarrassment; and

(g) All other damages available to them under law.

**WHEREFORE**, Plaintiffs, **DEIDRA BYAS**, individually and on behalf of her minor child, **J.B.,** respectfully request judgment in their favor and against Defendants, **CLEVELAND SCHOOL DISTRICT, CLEVELAND SCHOOL BOARD and MARGARET GREEN JUNIOR HIGH SCHOOL**, as follows:

A.     Compensatory damages for Plaintiffs' psychological and emotional distress and damages, embarrassment, and for unreimbursed out of pocket expenses incurred in response to these circumstances;

B.     Punitive damages;

C.     Injunctive relief requiring Defendants to take effective steps to prevent sex-based discrimination and harassment, including assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or assault; appropriately respond to all conduct that may constitute sex-based harassment and /or assault; and mitigate the effects of harassment and/or assault

including by eliminating any hostile environment that may arise from or contribute to it.

D.    Statutory interest;

E.    Costs; and

F.    Reasonable attorney fees.

**JURY DEMAND**

**NOW COMES**, Plaintiffs, **DEIDRA BYAS**, individually and on behalf of her minor child, **J.B.,** by and through their undersigned attorney and demands a trial by jury.

**Dated**: September 28th, 2015

**RESPECTFULLY SUBMITTED**:

**BY**:    /s/: Daniel E. Morris_____
       **DANIEL E. MORRIS (MSB# 102723)**
       *ATTORNEY FOR PLAINTIFFS*

**OF COUNSEL:**
**DANIEL E. MORRIS LAW FIRM, PLLC.**
**P.O. BOX 40811**
**BATON ROUGE, LA. 70835**
**P: 888-966-7747**
**F: 877-966-7747**
**Website: WWW.DEMLAWFIRM.COM**
**Email: danielmorris@demlawfirm.com**
**genaramorris@demlawfirm.com**